UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: RENEE D. NEWELL,

                Debtor.
_____/

Case Number 15-14276
Bankr. Number 15-51625
Adversary Case Number 15-04923
Honorable David M. Lawson

WAYNE COUNTY,

                Appellant,

v.

RENEE D. NEWELL,

                Appellee.
_____/

**ORDER DENYING MOTION FOR REHEARING**

This matter is before the Court on the appellant's motion for rehearing under Federal Rule of Bankruptcy Procedure 8022. The Court has reviewed the motion and finds that it seeks merely to reargue issues already thoroughly briefed by the parties and decided by the Court in its opinion affirming the ruling of the bankruptcy court. The Court therefore will deny the motion.

"Federal Rule of Bankruptcy Procedure Rule 8022 governs motions for rehearing." *In re Gray*, 525 B.R. 441, 441 (B.A.P. 8th Cir. 2014). "It requires the motion 'to state with particularity each point of law or fact that the movant believes the district court or BAP has overlooked or misapprehended and must argue in support of the motion.'" *Ibid.* "Federal Rule of Appellate Procedure 40 mirrors Rule 8022, therefore, some courts have looked to Rule 40 for guidance" when considering motions for rehearing under the bankruptcy rule. *Id.* at 442. "The Ninth Circuit has stated, 'a party abuses the privilege of making such a petition when it seeks review of a scope greater than the limited confines of Fed. R. App. P. 40 [and] [c]onsideration of subsequent factual

occurrences is, thus, beyond the scope of a petition for rehearing.'" *Ibid.* (quoting *Armster v. U.S. Dist. Court for Cent. Dist. of Cal.*, 806 F.2d 1347, 1356 (9th Cir. 1986)). "Petitions for rehearing function to ensure that the appellate court properly considered all relevant information in coming to its decision; it is not a means by which to reargue a party's case." *Ibid.* (citing *Anderson v. Knox*, 300 F.2d 296, 297 (9th Cir. 1962)).

The appellant contends, once again, that the ruling below should have been reversed because (1) the case evaluation sanctions imposed by the state court did not compensate it for any actual pecuniary loss; and (2) the term "penalty" cannot be "defined so narrowly to exclude an incidental compensatory aspect." The issues raised in the present motion already were raised and exhaustively argued by the appellant in its brief on appeal. The Court thoroughly addressed those issues in its prior opinion, and they need not be reexamined here. The appellant has not pointed to any new facts or legal authority that call into question the Court's ruling, and a motion for rehearing is not a venue for parties to relitigate questions that already have been considered and decided.

Accordingly, it is **ORDERED** that the appellant's motion for rehearing [dkt. #15] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
Dated: August 17, 2016    United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 17, 2016.

s/Susan Pinkowski
SUSAN PINKOWSKI

---